IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Carlos García**<br><br>Plaintiff<br><br>v.<br><br>**Simple Factory, Inc.; Jorge E. Rodríguez; Margarita Hopgood; José Raúl Rodríguez; Insurance Company ABC**<br><br>Defendants | Civil No. 13-1056<br><br>Re:<br><br>Shareholder's direct action; declaratory judgment; securities fraud; breach of contract and damages<br><br>Plaintiff requests trial by jury |

**COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES plaintiff, Carlos García, through the undersigned counsels, and respectfully states, alleges and prays as follows:

**I**
**JURISDICTION AND VENUE**

1.   This Honorable Court has diversity jurisdiction over the instant action because plaintiff is a citizen of Florida. Defendant Simple Factory, Inc., is a close corporation incorporated under the laws of Puerto Rico with its principal place of business in Puerto Rico. The remaining defendants are citizens of Puerto Rico. The amount in controversy, without interests and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

2.      Original federal question jurisdiction is also available pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b) because plaintiff alleges one or more violations of Section 10(b) of the 1934 Securities Exchange Act, 15 U.S.C.A. § 78j(b), and/or SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.

3.      This Honorable Court has supplemental jurisdiction over Puerto Rico law claims raised herein pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) and (c), given that defendants are citizens and are doing business in Puerto Rico and the claims alleged in this Complaint arose in this district.

## II
## THE PARTIES

5.      Carlos García is a shareholder of Simple Factory and a citizen of Florida, with address at 642 Valencia Ave. Apt. 408, Coral Gables, FL 33143 ("García").

6.      Simple Factory is a close corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in Puerto Rico, with address at B5 Tabonuco Road, Suite 216, PMB 327, Guaynabo, PR 00968 ("Simple Factory").

7.      Defendant Jorge E. Rodríguez is a citizen of Puerto Rico, shareholder of Simple Factory and upon information and belief President of Simple Factory, with address at 3205 Isla Verde Ave., Apt. 804, Carolina, PR 00979 ("J. Rodríguez").

8.     Defendant Margarita Hopgood is a citizen of Puerto Rico, shareholder of Simple Factory and upon information and belief Director of Simple Factory, with address at 3205 Isla Verde Ave., Apt. 804, Carolina, PR 00979 ("Hopgood").

9.     Defendant José Raul Rodríguez is a citizen of Puerto Rico, shareholder of Simple Factory and upon information and belief Director of Simple Factory, with address at Urb. Versalles, Road 19, U-21, Bayamón, PR 00959 ("R. Rodríguez").

10.    Insurance Company ABC has a policy covering the damages and claims sought in this action.

## III
## NATURE OF THE ACTION

11.    García seeks to enforce his rights as shareholder of Simple Factory pursuant to the Puerto Rico General Corporations Act of 2009, including declaratory relief, which may be granted under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Rule 57 of the Federal Rules of Civil Procedure.

12.    García also claims securities fraud in violation of Section 10(b) of the 1934 Securities Exchange Act, 15 U.S.C.A. § 78j(b), and/or SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.

13.    García also seeks to recover damages for breach of contract in an amount not less than $15,000.00, plus interest, pursuant to Articles 1044, 1054, 1077 and 1206, et seq., of the Puerto Rico Civil Code ("Code"), Tit. 31 P.R. Laws

Ann. §§ 2994, 3018, 3052, 3371 and other applicable laws due to defendants' failure to comply with the corporations' binding resolutions.

## IV
## STATEMENT OF FACTS

**A.    García is a shareholder of Simple Factory with a 17% equity ownership in the corporation.**

14.    Simple Factory is a closely held corporation whose sole asset is the ownership of 48,500 shares of Social Media, LLC ("Social Media" or "Gustazos").

15.    Social Media is a limited liability company registered to do business in San Juan, Puerto Rico on December 27, 2010.

16.    Social Media operates the website www.gustazos.com. Gustazos offers vouchers for purchase that entitle the holder to discounted goods and services negotiated by Gustazos with the offering merchants.[1]

17.    On or about October 2011, García was granted a 17% equity ownership in Simple Factory.

18.    At the time García became a shareholder of Simple Factory, J. Rodríguez, Hopgood and R. Rodríguez held, in equal parts, the totality of the issued and outstanding shares of voting capital stock of Simple Factory.

19.    Consequently, at present, Simple Factory's shareholders are J. Rodríguez, with 25% equity ownership; Hoopgood, with 25% equity ownership; García, with 17% equity ownership; and Ramos, with 8% equity ownership.

---

[1] http://www.gustazos.com/page/terms Revised February 20, 2012.

20. October 20, 2011, García and the rest of Simple Factory's shareholders —J. Rodríguez, Hoopgood, R. Rodríguez and Omar Ramos— executed a document titled Memorandum of Understanding in connection with the integration of García and Mr. Omar Ramos ("Ramos") as shareholders of Simple Factory.

**B.  As a result of his equity ownership in Simple Factory, García received payment of dividends and participated in the valuation and negotiation process to sell Simple Factory's shares in Gustazos.**

21. During the month of March 2012, Hopgood, Treasurer and Director of Simple Factory, sent García an email enclosing his form 480.6B evidencing dividend payments of $3,400.00 made by Simple Factory and declared with the Puerto Rico Treasury Department for 2011. (**Exhibit 1**-Email from Hoopgood to García, dated March 2, 2012; Simple Factory PR Form 480.6B; Check #0033 from Simple Factory to Carlos García, dated 12/30/11, for $3,060.00)

22. Simple Factory made additional dividend payments to García during 2012 totaling $18,298.80. The payments issued by Simple Factory to García were identified in the checks as "Dividends Q1 2012" and "Dividends Q2 2012". (**Exhibit 2**-Check #1004 from Simple Factory to Carlos García, dated 5/7/12, for $6,426.00, "Dividends Q1 2012"; Check #1010 from Simple Factory to Carlos García, dated 7/13/12, for $11,872.80, "Dividends Q2 2012")

23. On or about the month of October 2012, Simple Factory was evaluating selling its ownership interest in Gustazos. As part of such analysis, J. Rodríguez,

President and Director of Simple Factory, sent García and the rest of the shareholders a table with the distribution of the ownership in Gustazos and the different valuations in connection therewith. (**Exhibit 3**-Email dated October 29, 2012, from J. Rodríguez to García, Ramos, R. Rodríguez and Hopgood)

24. In said email J. Rodríguez also indicated to the group that, at the time, García and Ramos were not interested in selling their stake in Gustazos. (**Exhibit 3**-Email dated October 29, 2012, lines 3-4)

25. Through an email dated November 6, 2012, J. Rodríguez, President of Simple Factory, informed the shareholders of Simple Factory, including García, that they would become shareholders in Gustazos in their personal and individual capacity. J. Rodríguez further informed García and the other shareholders that he had confirmed the percentage ownership in Gustazos for each shareholder based on each person's ownership interest in Simple Factory. He also informed that the day after said communication he would be holding a conference call with Gustazos' legal counsel regarding the preparation of the respective documentation and the formal issuance of Gustazos' stock to Simple Factory's shareholders, including García. (**Exhibit 4**-Email thread started on November 6, 2012, 9:59 PM, by J. Rodríguez to García, R. Rodríguez, Ramos and Hopgood)

26. There is no question that García is a shareholder of Simple Factory and was recognized as such by the corporation, its officers, directors and majority shareholders on numerous occasions by the payment of multiple dividends to García

and his participation in the corporate governance of both Simple Factory and Gustazos, to name a few.

27.  On December 27, 2012, García sent an email to J. Rodríguez, Hogood and R. Rodríguez to schedule a meeting to discuss why the process to transfer Simple Factory's stock in Gustazos directly to him, as previously agreed, had stopped. (**Exhibit 4**-Email dated December 27, 2012, 5:23 PM, from García to J. Rodríguez, Hogood, Ramos and R. Rodríguez)

**C.  García relied on the actions and representations made by Simple Factory, its officers, directors and majority shareholders; however, they now claim that he is not a shareholder of the corporation.**

28.  On December 18, 2012, Simple Factory's counsel sent a letter to García informing him for the first time in over a year, and despite all that transpired before, that he is not a shareholder of the corporation. (**Exhibit 5**-Letter dated December 18, 2012 from Simple Factory to García)

29.  Despite all the facts described herein, in said letter Simple Factory in fact indicated that the corporation had "*entertained the possibility* of increasing its number of shareholders to include you [García]". That "*such possibility was summarized*" in the MOU. García, however, had supposedly failed to comply with the so called "*considerations and actions*" expected of him. (**Exhibit 5**-Letter dated December 18, 2012, ¶ 1) (Emphasis added)

30.  The letter went on to indicate that Simple Factory had resolved to notify García that he is not a shareholder of the corporation. Simple Factory based

this illegal and fraudulent determination on García's supposed failure to fulfill his obligations and the lack of execution of the corporate documents mentioned in the MOU, *"assuming the MOU has any binding effect."* (**Exhibit 5**-Letter dated December 18, 2012, ¶ 2) (Emphasis added)

31.     On January 11, 2013, García responded to said communication though counsel detailing the facts enumerated above, including Simple Factory's own actions acknowledging García as a shareholder. (**Exhibit 6**-Letter dated January 11, 2013, from García to Simple Factory)

32.     García demanded that Simple Factory provide García with the stock transfer agreement and joinder agreement that would evidence his existing 17% equity interest in the Simple Factory. (**Exhibit 6**-Letter dated January 11, 2013, page 3, ¶ 3)

33.     In addition, García required that Simple Factory issue written instructions to Gustazos to transfer the amount of 8,245 shares of Gustazos' stock currently held by the Corporation to García's name, as had been resolved by the management of Simple Factory. (**Exhibit 4**-Email thread started on November 6, 2012, 9:59 PM, by J. Rodríguez to García, R. Rodríguez, Ramos and Hopgood).  As of the date of this complaint, García is yet to receive a response from Simple Factory.

34.     Said demands are supported by the fact that the existence of García's equity interest in Simple Factory is unquestionably evidenced by the fact that he has been consistently treated like a shareholder to the point he received multiple payments of dividends approved by the Board of Simple Factory. Said dividends

were reported to the Puerto Rico Treasury Department in official filings indicating that García is a shareholder of Simple Factory. In sum, Garcia's shareholder status is not affected in any way, shape or form by Simple Factory's failure to provide the necessary corporate documentation for his execution in order to document his ownership interest.

**D.    J. Rodríguez, Hoopgood and R. Rodríguez fraudulently and intentionally misrepresented to García the price offered by Gustazos to acquire Simple Factory's stock in Gustazos in violation of Section 10(b) of the SEA and/or SEC Rule 10b-5.**

35.    On or before October 2012, J. Rodríguez informed García that Gustazos offered to pay $40.00 for each share of Gustazos held by Simple Factory and in turn held by each of the shareholders of Simple Factory, including García.

36.    On or around December 2012, Paul Tomory, Gustazos' CEO, informed García that Gustazos actually offered to pay $50.00 for each share of Gustazos held by Simple Factory. The $10.00 difference represents $82,450.00 more than what García was lead to believe Gustazos offered to pay for his shares in Simple Factory, as a result of the misrepresentations made by J. Rodríguez.

37.    Upon information and belief Hoopgood and R. Rodríguez cooperated and were in agreement with J. Rodríguez to misrepresent Gustazos' offer to buy the shares in question belonging to García. Consequently, Hoopgood and R. Rodríguez are jointly liable for the remedies herein sought.

38. García rejected Gustazos' offer as a result of the misrepresentations made by J. Rodríguez, Hoopgood and R. Rodríguez, regarding the terms and conditions of Gustazos' offer to buy his shares. Said misrepresentations are material because García rejected Gustazos' alleged offer, as fraudulently misrepresented by the codefendants, since he believed Gustazos' shares were much more valuable.

39. J. Rodríguez, Hoopgood and R. Rodríguez acted with the specific intention of deceiving García to appropriate the difference between Gustazos' actual offer and the offer they communicated to García.

## V
## FIRST CLAIM FOR RELIEF
**Declaratory Judgment, issuance of García's stock certificates and transfer of Gustazos' stock**

García incorporates by reference all previous paragraphs of the Complaint.

40. The conduct of Simple Factory, J. Rodríguez, Hopgood and R. Rodríguez constitutes a clear violation of García's rights as shareholder in Simple Factory.

41. The lack of subscription agreements, stock transfer documents or joinders, which had to be prepared and furnished by Simple Factory, are not a legal impediment to becoming a shareholder of a Puerto Rico corporation. See *Santiago v. Rodríguez*, 181 D.P.R. 204, 220 (2011).

42. Simple Factory's Board, through its own acts and declarations, recognized García as a shareholder by treating him as such. García received multiple payments of dividends which were reported to the Puerto Rico Treasury in

official filings indicating that García is a shareholder of Simple Factory. García also participated actively in the corporate governance of both Simple Factory and Gustazos, including the negotiations to sell Simple Factory's shares of Gustazos; its only asset. Defendants are stopped by their own acts on reneging on such determination after more than a year of García's time and effort.

43. García requests this Court to issue a declaratory judgment recognizing García as a shareholder of Simple Factory with a 17% equity ownership in said corporation.

44. García is entitled to the issuance of Simple Factory's stock certificates in his name and exercise his voting rights in the matters requiring the vote of its shareholders. Said interests are reasonably related to Garcia's rights as a shareholder.

45. García requests this Court to issue an order against Simple Factory, its officers and directors, to issue Simple Factory's stock certificates in his name, representing his 17% equity ownership in the corporation.

46. García requests this Court to issue an order against Simple Factory, its officers and directors, to allow García to exercise his rights as Simple Factory's shareholder, including, but not limited to participate in Simple Factory's shareholders' meetings.

47. García requests this Court to issue an order against Simple Factory, its officers and directors, to transfer the amount of 8,245 shares of Gustazos' stock

currently held by the corporation to García's name, as resolved by Simple Factory's management and communicated to its shareholders, including García, started on November 6, 2012. (**Exhibit** 4-Email thread started on November 6, 2012, 9:59 PM, by J. Rodríguez to García, R. Rodríguez, Ramos and Hopgood)

## VI
## SECOND CLAIM FOR RELIEF
**Securities fraud under section 10(b) of the 1934 Securities Exchange Act, 15 U.S.C.A. § 78j(b) and/or SEC Rule 10b-5, 17 C.F.R. § 240.10b-5**

García incorporates by reference all previous paragraphs of the Complaint.

48.  J. Rodríguez, Hopgood and R. Rodríguez at all times, and during the course of the negotiations to sell Simple Factory's stake in Gustazos, intended to deceive García into believing Gustazos had made an offer lower than the actual offer communicated by Gustazos' management to J. Rodríguez. They did this with the intention of appropriating the difference between Gustazos' actual offer and the offer they communicated to García.

49.  J. Rodríguez, Hopgood and R. Rodríguez made the material representations set forth above for the purpose of inducing García into selling his shares in Simple Factory at a price below what Gustazos had offered. In doing so, J. Rodríguez, Hopgood and R. Rodríguez utilized means of interstate commerce, such as telephone, mail and electronic communications to carry out their deceptive and fraudulent acts.

50. At the time J. Rodríguez, Hopgood and R. Rodríguez misrepresented Gustazos' offer to García they did so knowing they were making a misrepresentation of a material fact.

51. At the time García rejected Gustazos' offer he did not know, nor could he know, in the exercise of reasonable diligence, that the material representations set forth above were untrue. García relied on said misrepresentations to reject Gustazos' offer to buy his shares in Simple Factory.

52. As a result of J. Rodríguez', Hopgood's and R. Rodríguez' fraudulent misrepresentations, García is entitled to the payment of all out-of-pocket expenses incurred by him, which are estimated in an amount no less than $15,000.00.

53. García is also entitled to recover interests thereon at the legal rate from December 2012 until the date this Court enters final judgment in Garcia' favor.

## VII
### THIRD CLAIM FOR RELIEF
### Breach of Fiduciary Duty

García incorporates by reference all previous paragraphs of the Complaint.

54. The acts of J. Rodríguez, Hopgood and R. Rodríguez constitute a clear violation of their fiduciary duty towards García as Simple Factory's shareholder, due to the illegal denial of his condition as a shareholder of the corporation, in contravention of their own previous acts and that of the Board of Directors of Simple Factory. J. Rodríguez, Hopgood and R. Rodríguez did this in order to

illegally and fraudulently appropriate themselves of García's equity interest in Simple Factory.

55. J. Rodríguez, Hopgood and R. Rodríguez also violated their fiduciary duties by misrepresenting Gustazos' offer to García and by failing to maximize shareholder value in the corporation.

56. Consequently, García is entitled to damages against J. Rodríguez, Hopgood and R. Rodríguez for the aforementioned acts in an amount of no less than $50,000.00, against each of them.

## VIII
## FOURTH CLAIM FOR RELIEF
### Disgorgement of dividend distributions

García incorporates by reference all previous paragraphs of the Complaint.

57. Upon information and belief J. Rodríguez, Hopgood and R. Rodríguez have received and continue to receive dividend payments from Gustazos which are illegally being distributed to J. Rodríguez, Hopgood and R. Rodríguez with the exclusion of García.

58. The acts of Simple Factory and/or J. Rodríguez, Hopgood and R. Rodríguez have deprived García of his pro-rata share in Simple Factory's distribution of dividends.

59. García requests that the Court issue an order against J. Rodríguez, Hopgood and R. Rodríguez to disgorge any illegal dividend payments made by

Simple Factory and received by them after June 2012 which excluded García's pro-rata share of the same

## IX
## FIFTH CLAIM FOR RELIEF
### Breach of contract

García incorporates by reference all previous paragraphs of the Complaint.

60.  Simple Factory's decision to distribute its equity interest in Gustazos to its shareholders is a binding corporate resolution. (See **Exhibit 4**-Email thread)

61.  García is entitled to recover damages in an amount not less than $15,000.00, plus interest due to defendants' failure to comply with the corporations' binding resolutions.

## X
## SIXTH CLAIM FOR RELIEF
### Damages, attorneys' fees and expenses

García incorporates by reference all previous paragraphs of the Complaint.

62.  Since J. Rodríguez, Hopgood and R. Rodríguez breached their duties in an intentional, unlawful and willful manner, García is entitled to recover any and all damages resulting from said breach that include all attorneys' fees and expenses to be incurred to prosecute this case and which are estimated in an amount not less than $100,000.00.

### DEMAND OF JURY TRIAL

63.  García demand the right to jury trial on all issues.

**WHEREFORE,** García respectfully request that this Honorable Court to:

1. Issue declaratory judgment recognizing García as a shareholder of Simple Factory with a 17% equity ownership in said the corporation.

2. Issue an order against Simple Factory, its officers and directors, to issue Simple Factory's stock certificates in his name, representing his 17% equity ownership in the corporation.

3. Issue an order against Simple Factory, its officers and directors, to allow García to exercise his rights as Simple Factory's shareholder, including, but not limited to participate in Simple Factory's shareholders' meetings.

4. Issue an order against Simple Factory, its officers and directors, to transfer the amount of 8,245 shares of Gustazos' stock currently held by the corporation to García's name.

5. Award damages to García for all out-of-pocket expenses incurred by him, which are estimated in an amount no less than $15,000.00, for securities fraud and interests thereon at the legal rate from December 2012 until the date this Court enters final judgment in Garcia' favor.

6. Award damages to García against J. Rodríguez, Hopgood and R. Rodríguez in an amount of no less than $50,000.00 against each of them for breach of their fiduciary duties.

7. Issue an order against J. Rodríguez, Hopgood and R. Rodríguez to disgorge any illegal dividend payments made by Simple Factory and received by them after June 2012 which excluded García's pro-rata share of the same.

8.  Award damages to García in an amount of not less than $15,000.00, plus interest, due to defendants' failure to comply with the corporations' binding resolutions.

9.  Award all damages suffered by García against J. Rodríguez, Hopgood and R. Rodríguez, for the breach of their duties in an intentional and willful manner, including all attorneys' fees and expenses to be incurred to prosecute this case, which are estimated in an amount not less than $200,000.00;

10. García be awarded such other and further relief as is just and equitable.

Respectfully submitted in San Juan, Puerto Rico, on January 25, 2013.

**CERTIFICATION**: It is hereby certified that a copy of this Complaint will be served by process server upon Defendants at the addresses indicated in this Complaint as soon as summons or an order are issued by this Court or through waiver of summons.

**FERRAIUOLI LLC**
Attorneys for Plaintiff
Carlos Garcia
221 Ponce de Leon Ave.
221 Plaza, 5th Floor
San Juan, PR 00917
Phone 787.766.7000
Fax 787.766.7001

*S/Jenyfer García-Soto*
USDC-PR No. 222209
jgarcia@ferraiuoli.com
